UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Case#:  4:19 CR 847 RLW |
| v. | ) |
| | ) |
| REMOND ECHOLS, | ) |
| Defendant. | ) |

**DEFENDANT REMOND ECHOLS' SENTENCING MEMORANDUM**

COMES NOW Brent E. Labovitz on behalf of Defendant, Remond Echols, and respectfully submits the following information for purposes of sentencing mitigation pursuant to Rule 32 of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3553.

**OPENING COMMENTS**

Defendant Remond Echols is a 26-year-old male, who lives in St. Louis, Missouri. He is now before this Court for sentencing on July 8, 2020.  The Defendant pled guilty to the charge of: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).

**Pre-Sentence Report**

**I.      Calculation in PSR**

In the Pre-Sentence Report (PSR), United States Probation Officer Adela Drinjak calculated a base offense level of 20 pursuant to USSG § 2K2.1(a)(4)(B).

The PSR then indicates that the Defendant also clearly demonstrated acceptance of responsibility for the offense and has assisted authorities in the investigation or prosecution of Defendant's own misconduct thereby decreasing the offense level by 2 levels pursuant to USSG § 3E1.1(a) arriving at the Total Offense Level of 17.

1

## SENTENCING CONSIDERATIONS

In considering a sentence the Court must also turn to the Section 3553(a) factors. The Court must recognize that the sentencing guidelines are to be given no more or less weight than any other factor. See United States v. Jaber, 362 F. Supp. 2d 365, 370-76 (D.Mass.2005).

The mandate of 18 U.S.C. §3553(a) is, of course, for the Court to "*impose a sentence sufficient, but not greater than necessary, to comply*" with the purposes of sentencing set forth in the second paragraph of that same statute. In Rita, 551 U.S. at 347-348, the Court summarized the now often-cited sentencing factors listed in §3553(a): the "(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution." See also United States v. Hunt , 459 F.3d 1180, 1182 (11th Cir. 2006).

## IMPOSITION OF SENTENCE

**I.    Section 3553(a) Sentencing Factors as Applied to Mr. Echols.**

In the case at hand this Court must consider §3553(a) factors. Consideration of the 3553(a) factors will show that a sentence at the bottom of the guideline range is appropriate and justified. After considering these factors, the Court will see that a sentence at the bottom of the guideline range is justified in this case.

  i. **Section 3553(a)(1): The nature and circumstances of the offense and the history and characteristics of the defendant.**

   a. *The Nature of the Offense*

The PSR correctly sets forth the nature of the offense as agreed to by the parties in the Plea Agreement. Mr. Echols disagrees with certain characteristics of his offense conduct; however, Mr. Echols is not trying to downplay the seriousness of the offense. Mr. Echols is being charged with felon in possession of a firearm. The current offense is not considered a violent offense. However, Mr. Echols recognizes that some of his conduct in the offense may be considered violent by this Court. The Court needs to know that there is more context to Mr. Echols' actions.

2

Mr. Echols recognizes that he should not have been in possession of a firearm at the time of his arrest. However, mere possession of a firearm is not violent in nature. Mr. Echols was also not using the firearm in a threatening manner. This is being brought to the Court's attention in hopes that the Court will recognize that this offense is not violent in nature.

    b. *Mr. Echols' Personal History*

Remond Echols was born in St. Louis, Missouri on December 8, 1993, and grew up in a family of modest means. Mr. Echols was primarily raised by his grandmother. From an early age Mr. Echols had very limited adult role models in his life. Mr. Echols' mother suffered from a substance abuse problem and gave up custody of her children, including Remond Echols, at a very early age. Mr. Echols never developed a relationship with his father. Due to this lack of parental supervision it was easy for Mr. Echols to fall in with the wrong crowd.

The neighborhood where Mr. Echols went to school was a bad area. Mr. Echols would constantly have to defend himself. Mr. Echols would have to defend himself merely because of the street he lived on, or what side of town he was from. Mr. Echols admits that these factors influenced him to get involved with people he would not have associated with otherwise.

Mr. Echols also developed substance abuse habits at an early age. He started to use marijuana at the age of 14. Mr. Echols eventually moved to more serious drugs like heroin. Mr. Echols believes that the use of alcohol and drugs was a product of the environment he was living in. He did many of these things to be able to fit in, and in some cases, just to remain safe from violence.

Mr. Echols has also had an extremely difficult time financially. Mr. Echols has tried to maintain full time employment, but his prior felony offense has made employment difficult. This Court is well aware of the difficulty of employment individuals face with a prior felony on their record. Mr. Echols recognizes the prior felony is of his own doing but wants to the court to understand it is just one more issue that has caused Mr. Echols to find himself in the current legal situation.

It is due to these difficult conditions that Mr. Echols is now in this current situation. Mr. Echols does not blame anyone but himself for his current legal situation, however, Mr. Echols' poor financial situation, and his difficult upbringing played huge factors in the decisions he made during this crime.

However, through all of these hardships, Mr. Echols has done his best to be a good father. Mr. Echols has a two-year-old son that resides with him. Mr. Echols has tried to do the best to provide for his son, even with the difficult personal issues he has had.

Mr. Echols requests that the court take these factors into consideration when determining an appropriate sentence.

    c. *The Defendant's Age.*

The United States Sentencing Commission has stated in part in policy statement § 5H1.1, that "Age (including youth) may be relevant in determining whether a departure is warranted." Mr. Echols is not trying to use his age an excuse for any of his conduct, however, he wishes for this Court to consider his young age, and recognize that his immaturity and youthfulness did effect his decision making in this case.

In United States v. Garcia, 952 F.2d 408 (9th Cir. 1992), the court affirmed a downward departure to a six-month sentence from a guidelines range of 21-27 months. The district court took into consideration the defendant's youth, naiveté, and "extensive family support network" in deciding to depart from the guideline range.

In United States v. Hogan, 931 F.2d 888, 1991 WL 68812 (4th Cir. 1991), even though the defendant had a criminal history category of II, that would have led to a sentence of between 210 262 months, the district court chose to depart downward to 168 months due to Hogan's youth.

As referenced above, Mr. Echols has had a very difficult upbringing, and from a young age, has been put in many life situations that many people cannot relate too. Mr. Echols is just asking this Court to take these factors into consideration when imposing a sentence in this case.

    d. *Criminal History*

Mr. Echols recognizes that he has a criminal history, however, he wishes for the Court to see that his prior criminal history is not violent. Again, Mr. Echols does not wish to shift blame for his past conduct but points out that his substance abuse have caused him to make some very poor decisions. Also, he wishes that the Court recognize that his conduct is unfortunately the product of his environment. Finally, the Court will see that his prior criminal history was all committed before he was even twenty-one years old. This means that the defendant was still figuring life out at that time and made some very poor decisions. The Court should consider this when reviewing Mr. Echols' prior criminal history.

4

> ii. **The need for the sentence to reflect the basic aims of sentencing.**

In determining a sentence, the Court must essentially ask whether a high guideline sentence, or a severe sentence, would achieve greater justice, deterrence, incapacitation or rehabilitation. Respectfully, it would not in this case.

The current guideline sentence 30 to 37 months is reasonable and justified.

Mr. Echols believes that a sentence within the guideline range, and specifically at the bottom of the guideline range would achieve the goals of the USSG.

**Moreover, the Government and the Defendant agreed in the Plea Agreement that the Defendant should receive a sentence at the bottom of the guideline range. This would be a sentence of 30 months in this case.**

## II. PSR Calculations

If this Court agrees with the PSR the offense level would be a 17 with a guideline range of 30 to 37 months. Mr. Echols requests this Court to follow the recommendation of the PSR.

## III. Mr. Echols' Request for Sentence.

As discussed above, *Booker* and 18 U.S.C. § 3553(a)'s parsimony provision impose a statutory cap on sentences, no matter what is recommended under the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment.

Here, it is respectfully submitted that a **30 month sentence is** to achieve the goals of punishment, deterrence and respect for the law.

Justice is certainly served by this sentence. Mr. Echols recognizes the seriousness of his offense and the resulting harm; he is not attempting to avoid this reality. Accordingly, the proposed sentence likewise achieves the goals of deterrence, incapacitation, and rehabilitation. Specific deterrence and incapacitation are served by said sentences. General deterrence is amply served by the proposed sentence as well as by the many collateral consequences this case has had for Echols. The proposed sentence will further solidify Mr. Echols' respect for the law.

In determining the minimally-sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation or rehabilitation. Respectfully, it would not in this case. Mr. Echols recognizes that he has brought much of this

upon himself. But the punishment is no less real for being self-inflicted, and that is what matters in assessing the need for additional judicial punishment.

### IV. Conclusion

Based on the above, **the Defendant respectfully requests that this Court follow the Plea Agreement of the parties in this case and impose a sentence of 30 months** to achieve the goals of punishment, deterrence and respect for the law.

We respectfully submit that this sentence is sufficient but not greater than necessary to achieve the sentencing objectives as set out in USSC 3553(a).

Respectfully submitted,

KOLKER & LABOVITZ

/s/ *Brent Labovitz*
Brent E. Labovitz, No. 61468MO
7700 Bonhomme Ave., Suite 350
Clayton, Missouri 63105
Telephone: (314) 726-1300
Facsimile: (314) 727-8529
*Attorney for Defendant*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on Tuesday July 8, 2020 the foregoing was electronically filed with the Clerk of Court to be served by operation of the Court's CM/ECF system upon John Bird, Assistant United States Attorney, and Adela Drinjak, United States Probation Office at their address of record.

/s/ *Brent Labovitz*
Brent E. Labovitz No. 61468MO